IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,     No. 3:17-cr-00051-HZ-3

        Plaintiff,     OPINION & ORDER

    v.

KARRILYNN ROSANDER,

        Defendant.

Lewis Burkhart
Julia Jarrett
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Amy Potter
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401

    Attorneys for Plaintiff

1 – OPINION & ORDER

Brian C. Butler
Federal Public Defender
15 Newtown
Medford, OR 97501

        Attorneys for Defendant

HERNÁNDEZ, District Judge:

        Defendant moves to reduce her sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion. For the following reasons, the Court denies Defendant's motion.

## BACKGROUND

        Defendant pleaded guilty to conspiracy to import and distribute methamphetamine, heroin, and cocaine and use of communication facilities in furtherance of drug trafficking. Pet. & Order Entering Guilty Plea 1–2, ECF 495. The Court sentenced Defendant to 150 months of imprisonment and five years of supervised release. Judgment & Commitment ("Judgment") 2–3, ECF 645. Defendant has about 100 months remaining to serve on her sentence. Def. Mot. Red. Sent. ("Def. Mot.") 2, ECF 715.

        Defendant is serving her sentence at Federal Prison Camp ("FPC") Bryan, an all-female facility that houses 591 inmates.[1] Currently, there is one inmate and three staff members at FPC Bryan infected with COVID-19.[2] Two inmates at FPC Bryan have recovered from COVID-19.[3]

---

[1] *FPC Bryan*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/bry/ (last visited Sept. 17, 2020).
[2] *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Sept. 17, 2020).
[3] *Id*.

2 – OPINION & ORDER

FPC Bryan is located in Brazos County, Texas. Texas has had some of the highest rates of infection in the country, and Brazos County's current positivity rate is 9.91%.[4]

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release by a defendant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances, including "death or incapacitation of the caregiver of the defendant's minor child"; and (D) other reasons, as determined by the Director of the Bureau of Prisons, that amount to an extraordinary and compelling reason "other than, or

---

[4] *COVID-19 By The Numbers*, Brazos County Health District, http://brazoshealth.org/sites/default/files/inline-files/9.17.20.pdf (last visited Sept. 17, 2020).

in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n. 1(A)–(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his or her sentence bears the burden to establish that the defendant has exhausted his or her administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his or her sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

## DISCUSSION

Defendant moves to reduce her sentence to time served for two reasons. First, she argues that she has serious medical conditions that increase her risk of injury or death if she contracts COVID-19 and, second, that she needs to care for her incapacitated mother, who has no other available caregiver. The Court finds that Defendant has not met her burden to prove that extraordinary and compelling reasons exist to reduce her sentence. The Court also finds that Defendant remains a danger to others or to the community and declines to reduce Defendant's sentence on that basis.

### I.     Exhaustion of Administrative Remedies

There is no dispute that Defendant has exhausted her administrative remedies.

## II. Extraordinary and Compelling Reasons

Defendant argues that because COVID-19 is rapidly spreading through other Bureau of Prisons ("BOP") facilities and FPC Bryan now has active cases, the combination of active cases at FPC Bryan, Defendant's age and her serious health conditions warrant a reduction of her sentence to time served. Defendant argues that the need to care for her incapacitated mother is a second, independent, extraordinary and compelling reason to reduce her sentence.

### a. Defendant's Health Conditions

Defendant is fifty-two years old and suffers from hyperlipidemia, a heart murmur, benign kidney cysts and has a twenty-five-year history of smoking. Def. Mot. Ex. A at 1, 5–7, 11, ECF 715. She takes several medications to treat her conditions. *Id*. at 3–4. She also has a history of hypertension, kidney stones, and blood in her urine. *Id*. at 5. Defendant reported to her doctor in May 2019 that no one had told her that she has kidney disease. *Id*.

The Centers for Disease Control and Prevention ("CDC") has determined that older persons and persons with certain health conditions are at higher risk of severe illness if they contract COVID-19.[5] People who are in their 50s are at higher risk of severe illness than people in their 40s, but the people most at risk for severe complications from COVID-19 related to their age are people who are eighty-five years old or older.[6]

The CDC has identified certain health conditions that increase a person's risk of severe illness from COVID-19 regardless of age, including certain kidney diseases and serious heart

---

[5] *People at Increased Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last updated June 25, 2020).
[6] *Coronavirus Disease 2016 (COVID-19): Older Adults*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (updated Sept. 11, 2020).

conditions.[7] Defendant does not suffer from any of those conditions. The CDC has identified additional conditions that may place a person at increased risk of serious illness from COVID-19, and Defendant's hyperlipidemia and history of smoking fall within that category.[8] Defendant currently does not have hypertension, but she argues that FPC Bryan's restriction of her physical activity because of the pandemic might cause her hypertension to recur. If that happens, Defendant argues, she will be at a much greater risk of serious illness if she contracts COVID-19. Def. Mot. 12–13.

Currently, Defendant's age, hyperlipidemia, and history of smoking increase her risk of serious illness due to COVID-19. Although some serious heart conditions and kidney disease can elevate that risk, Defendant has produced no evidence that her heart murmur and benign kidney cysts are conditions that increase her risk of severe illness. One inmate at FPC Bryan has contracted COVID-19. Under the circumstances, the Court finds that Defendant has not met her burden to establish that extraordinary and compelling reasons exist to reduce her sentence to time served.

### b. Defendant's Need to Care for Her Mother

Defendant argues that she is the only available caregiver for her mother, who is seventy-three years old and suffers from chronic obstructive pulmonary disease, chronic kidney disease, pneumonia, and heart failure. District courts disagree about whether a parent's incapacity is an extraordinary and compelling reason to reduce a defendant's sentence when the defendant is the only available person to care for the sick parent. *Compare United States v. Baye*, ___ F. Supp. 3d

---

[7] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (updated Sept. 11, 2020).
[8] *See id.*

\_\_\_, \_\_\_, 2020 WL 2857500, at *10 (D. Nev. Jun. 2, 2020) (finding that the need to care for a sick parent was an extraordinary and compelling reason to reduce sentence because many inmates have aging and sick parents) *with United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (finding that the defendant's need to care for his ailing mother was an extraordinary and compelling reason to reduce his sentence). The Court need not resolve this question because, as explained below, Defendant remains a danger to others and to the community.

### III.     18 U.S.C. § 3553(a) Sentencing Factors

When a court has determined that extraordinary and compelling reasons warrant a reduction of the defendant's sentence, the court must then determine whether the defendant remains a danger to others or to the community under 18 U.S.C. § 3142(g) and whether compassionate release accords with the sentencing factors in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13. The factors considered by the court when deciding whether a defendant is a danger to the safety of any other person or to the community are (1) the nature and circumstances of the offense (including whether the offense is a crime of violence, a violation of 18 U.S.C. § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device); (2) the weight of the evidence; (3) the history and characteristics of the defendant (including, among other things, the defendant's character, physical and mental condition, and family ties and whether at the time of the offense or arrest the defendant was on probation, parole, or other release); and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g).

Defendant argues that a period of supervised release, instead of incarceration at FPC Bryan, "satisfies the purposes of punishment under § 3553(a)" while allowing her to protect herself from exposure to COVID-19. Def. Mot. 16. The Court disagrees.

Defendant has a long history of distribution of methamphetamine and narcotics. At the time of her arrest, Defendant imported and sold large quantities of methamphetamine and narcotics. She led a distribution network that sold those drugs to dealers who distributed them to communities in Oregon and Washington. During the time that Defendant engaged in the conspiracy to import drugs that buttresses her conviction, Defendant was on probation for a state drug distribution conviction. In short, the nature of her crimes was serious.

The 150-month sentence ordered by the Court was necessary to protect the public, deter Defendant's longstanding engagement in distributing drugs to multiple communities, and to protect the public from further crimes. Defendant's one year of incarceration is both insufficient to deter future criminal conduct and to protect the public. Reducing Defendant's sentence to time served after she has served only one year of her sentence would drastically undermine the sentencing guidelines and create an unwarranted sentencing disparity when compared to others convicted of similar crimes. 18 U.S.C. 3553(a)(6).

The Court commends Defendant for her conduct during pretrial supervised release and during her incarceration thus far, but that alone is insufficient to establish that she no longer remains a danger to others or to the community. As a result, the Court finds that compassionate release in not warranted. *See United States v. Hayden*, No. 3:11-cr-00393-JO, 2020 WL 4674108, at *3 (D. Or. Aug. 11, 2020) (finding that defendant with past criminal history of armed robberies and who committed an armed robbery while he was on supervised release remained a danger to the community); *United States v. Collins*, No. 2020 WL 5372087, at *1 (D. Or. Sept. 8, 2020) (assuming without deciding that defendant's hypertension, hyperlipidemia, and other health issues combined with the pandemic constituted extraordinary and compelling reasons to reduce the defendant's sentence but finding that defendant remained a danger to others

8 – OPINION & ORDER

because of his history of drug distribution and current conviction for possession with intent to distribute); *United States v. Zubiate*, No. 18-cr-442-AJN, 2020 WL 3127881, at *2–3 (S.D.N.Y. Jun. 12, 2020) (finding that defendant who had trafficked large quantities of narcotics was not entitled to compassionate release after serving about twenty-five percent of his sentence even though he established extraordinary and compelling reasons to reduce his sentence created by his health risk factors and the COVID-19 pandemic).

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [715] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED: October 2, 2020.


/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge